FILED
MAY 17 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Wanda Jean Garrett,                )
                                   )
    Plaintiff,                    )
                                   )
v.                                 )   Civil Action No. 19-1270 (UNA)
                                   )
BBVA Compass Bank *et al*,         )
                                   )
    Defendants.                   )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

1

Plaintiff is a resident of Dallas, Texas, who has sued a bank and other defendants located in Texas for $10 million. *See* Compl. at 1-2, 6. Plaintiff is not invoking a federal question, *see id.* at 3, and she has not satisfied her burden "of pleading the citizenship of each and every party to the action." *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (internal quotation marks and citation omitted). Given the information supplied in the complaint, diversity jurisdiction appears lacking because the plaintiff and most if not all of the defendants are located in Texas. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: May 16th, 2019

_____
United States District Judge